UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOUSELIE THELISMOND

                            Plaintiff,                      **COMPLAINT**

                        -against-                      JURY TRIAL DEMANDED

THE CITY OF NEW YORK; POLICE OFFICER
MICHAEL SPERA (tax no. 924518); POLICE
OFFICERS "JOHN DOES" nos. 1-10,
*individually and in their official capacities (the
name "John Doe" being fictitious, as the true
names are presently unknown),*

                        Defendants.
------------------------------------------------------------------ X

      Plaintiff, JOUSELIE THELISMOND, by and through her attorney, **KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for violation of plaintiff's rights as secured by 42 U.S.C. §§ 1981, 1983 and 1988; and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2.    Plaintiff's claims arise from an incident that took place on or about June 9, 2015, approximately 12:30pm, Brooklyn, NY during which members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: assault, battery, excessive use of force, false arrest, unlawful seizure of property.

3. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff JOUSELIE THELISMOND is a resident of Kings County, New York State.

9. The plaintiff is a thirty-four year old female.

10. Defendant CITY OF NEW YORK ("CITY") is a municipality organized and existing under the laws of the State of New York. It operates the New York City Police Department ("NYPD") a department or agency of defendant CITY responsible for the

appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Defendants Police Officers ("POs") MICHAEL SPERA, (tax no. 924518); and "JOHN DOES" nos. 1-10 (the names "John Doe" being fictitious, as the true names are presently unknown), are, and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the CITY and/or the NYPD, a municipal agency of the CITY.

12. Defendants Spera and John Does nos. 1-10 are, and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the CITY, were acting for, and on behalf of, and with the power and authority vested in them by the CITY and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. The defendant officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

14. On June 9, 2015, approximately 12:30PM, plaintiff was driving her car at approximately Rockaway Parkway and Seaview Avenue in Brooklyn, NY.

15. Plaintiff was driving at the above area when an unmarked police vehicle employed an aggressive maneuver toward plaintiff—performing a U-turn in front of plaintiff, causing plaintiff to suddenly brake her car to avoid colliding with the other vehicle.

16. Defendants John Does 1 (the driver) and John Doe 2 then exited the vehicle, whereupon John Doe 1 pointed his firearm at plaintiff's face.

17. Additional officers (John Does 3-10) responded to the scene in marked patrol cars in short order.

18. Defendant officers then handcuffed plaintiff, squeezing the locking-mechanism very tightly, with far more force than that reasonably necessary to prohibit the removal of hands, and locking the steel cuffs in a pinching position.

19. Plaintiff protested and repeatedly asked defendant officers why they were assaulting her and menacing her with their firearms. Defendant officers repeatedly told plaintiff that they would "explain at the precinct".

20. Plaintiff was then transported to a local precinct where she was held for many hours, still without explanation, without being given anything to eat or drink.

21. At some point, defendant Spera (an officer who engaged plaintiff at the precinct) told plaintiff that she would be released, but that defendant Spera would be keeping plaintiff's car.

22. The foregoing treatment by defendant officers and the corresponding stress that resulted caused plaintiff to seek emergency medical treatment at a local hospital.

23. Later, defendant Spera called plaintiff's cellphone and informed her she could pick up her car at the precinct.

24. However, when plaintiff returned to the precinct to collect her vehicle, she was told that the police had changed their mind, were not finished with it, and that plaintiff should leave and await a call from defendant Spera.

25. When plaintiff was summoned yet again to the precinct, some two days after she was taken out of the car at gunpoint, plaintiff's car was finally released to plaintiff by the defendant officers.

26. Plaintiff immediately noticed that the door handles on the car were all loose and were evidently damaged during the time the defendant officers had held plaintiff's car.

27. Plaintiff informed defendant officers that they had caused damage to her car but they denied knowledge or responsibility.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## GENERAL ALLEGATIONS

31. The individual defendant police officers acted in concert in committing the above-described acts against plaintiff.

32. Plaintiff did not resist arrest at any time during the above-described incidents.

33. Plaintiff did not engage in any violent, threatening or "tumultuous" behavior at any time during the above-described incidents.

34. Defendant police officers unlawfully stopped plaintiff, without reasonable cause that she had committed any crimes, illegally searched plaintiff, without reasonable cause to believe she possessed contraband or weapons, exercised unlawful and excessive force against plaintiff, illegally arrested plaintiff with no probable cause to believe that she had committed any crimes or violations, and unlawfully seized property belonging to plaintiff.

35. The individual defendant officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

36. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injury, pain and suffering, loss of liberty, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

37. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
## (UNLAWFUL STOP AND DETENTION UNDER FEDERAL LAW)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39. On the above incident date, defendant police officers unlawfully stopped, detained, stopped, menaced, intimidated, frisked, patted down, and searched plaintiff without either reasonable suspicion that plaintiff was committing a crime or probable cause to believe plaintiff had committed a crime, and in any event, detained plaintiff well in excess of the time reasonably necessary to determine that there was no reasonable suspicion to believe that plaintiff had committed a crime nor was in the process of committing a crime.

40. Accordingly, defendants police officers are liable to plaintiff for unlawful stop and detention under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

42. On the above incident date, defendants officers falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

43. Accordingly, defendant officers are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM
### (UNREASONABLE FORCE UNDER FEDERAL LAW))

44. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45. On the above incident date, defendant police officers use of force upon plaintiff was objectively unreasonable.

46. The defendant officers did not have an objective and/or reasonable basis to use *any* degree of force against plaintiff, since plaintiff was not breaking any laws, and was unarmed, compliant, did not resist, and cooperated fully with the defendant officers.

47. Defendant officers' use of force against plaintiff was objectively unreasonable, including, but not limited to: their application of handcuffs over-tightly to plaintiff's wrists

by closing and locking them into a position where they constricted plaintiff's hands well in excess of that level of force needed to safely restrain a human being.

48. Accordingly, defendant police officers are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution.

## FOURTH CLAIM
## (UNLAWFUL SEIZURE UNDER FEDERAL LAW)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. On the above incident date, defendant police officers unlawfully seized property from plaintiff in violation of her property rights.

51. Accordingly, defendants police officers are liable to plaintiff for unlawful seizure of property under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM
## (FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. By their conduct, as described herein, the individual defendant police officers are liable to plaintiff for falsely imprisoning and falsely arresting her.

54. Plaintiff was conscious of her confinement.

55. Plaintiff did not consent to her confinement.

56. Plaintiff's confinement was not otherwise privileged.

57. Defendant CITY, as an employer of the individual police officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### (ASSAULT AND BATTERY UNDER STATE LAW)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. By their conduct, as described herein, the defendant police officers are liable to plaintiff for having assaulted and battered her.

61. Defendant CITY, as an employer of the individual defendant police officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### (NEGLIGENT HIRING, TRAINING AND RETENTION OF EMPLOYMENT SERVICES UNDER STATE LAW)

63. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

64. Defendant CITY, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65. Upon information and belief, the individual defendant police officers were unfit and incompetent for their positions

66. Upon information and belief, defendant CITY knew or should have known through the exercise of reasonable diligence that the individual defendant police officers were potentially dangerous.

67. Upon information and belief, defendant CITY 's negligence in screening, hiring, training, disciplining, and retaining these defendant police officers proximately caused each of plaintiff's injuries.

## EIGHTH CLAIM
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW)

68. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69. The defendant officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

70. The outrageousness of defendant officers' conduct in nearly causing a collision, menacing her with firearms in the middle of a busy street, arresting her without a word of explanation, spiriting her to a filthy police precinct, seizing and holding and damaging her car has caused severe emotional distress which has damaged plaintiff's personal life.

71. Consequently plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

72. Defendant CITY, as an employer of the individual defendant police officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in the amount of One Million Dollars ($1,000,000);

b. Punitive damages in the amount of Two Million Dollars ($2,000,000);

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         November 10, 2015

_[signature]_

Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, New York 11241
(646) 450-9929
*Attorney for Plaintiff*